UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Barbara Easton,   Case No. 1:13-dp-21203

    Plaintiff,

v.   ORDER

DePuy Orthopaedics, Inc. et al.,

    Defendants.

Counsel for the Plaintiff have filed a motion to withdraw. (Doc. No. 10). Counsel filed a notice of suggestion of death on November 28, 2018, after learning Plaintiff had passed away on May 28, 2017. Counsel made repeated attempts to contact Plaintiff prior to her death, (*see* Doc. No. 10 at 1), but was unsuccessful. Counsel similarly has been unsuccessful in its attempts to identify a potential heir or to contact the individual Plaintiff listed as her emergency contact in her intake paperwork. (Doc. No. 10 at 2).

Subsequently, Defendants filed a motion to dismiss. (Doc. No. 11). Defendants assert the case must be dismissed because no one has filed a motion to substitute pursuant to Rule 25(a) and because the absence of a proper plaintiff means the case is now moot. (Doc. No. 11 at 2-3).

Rule 25(a) requires the dismissal of an action if a motion for substitution of a proper party is not made "within 90 days after service of a statement noting the death . . . ." Fed. R. Civ. P. 25(a)(1); *see also Ault v. Oberlin Coll.*, 620 F. App'x 395, 396 n.3 (6th Cir. 2015); *Fossyl v. Milligan*, 317 F. App'x 467, 469 n.1 (6th Cir. 2009). While the Federal Civil Rules permit this deadline to be

extended for good cause, *Dietrich v. Burrows*, 164 F.R.D. 220, 222 (N.D. Ohio 1995) (citing Fed. R. Civ. P. 6(b)), Plaintiff's Counsel's motion to withdraw makes clear it is extremely unlikely that a motion to substitute will be forthcoming. (Doc. No. 10).

Therefore, I conclude Rule 25(a) compels dismissal of this litigation. Defendants' motion to dismiss, (Doc. No. 11), is granted, and Plaintiff's Counsel's motion to withdraw, (Doc. No. 10), is denied as moot.

So Ordered.

s/ Jeffrey J. Helmick  4/29/19
United States District Judge